559 S.E.2d 584

**In the Matter of Fairfield County Magistrate Marion C. SMITH, Respondent.**

**No. 25401.**

Supreme Court of South Carolina.

Submitted Jan. 8, 2002.

Decided Jan. 28, 2002.

Henry B. Richardson, Jr. and Deborah S. McKeown, both of Columbia, for the Office of Disciplinary Counsel.

James Loggins, of Winnsboro, for respondent.

PER CURIAM:

In this judicial grievance matter, respondent and Disciplinary Counsel have entered into an agreement pursuant to Rule 21, RJDE, Rule 502, SCACR. In the agreement, respondent

admits misconduct and consents to an admonition or a public reprimand. We accept the agreement and publicly reprimand respondent.

## *Facts*

Prior to June 9, 1999, respondent failed to personally sign various court orders issued in respondent's name. Respondent knowingly allowed his office personnel to sign his name to the orders. Respondent admits allowing office personnel to sign his orders, but asserts that he was unaware this practice was improper. Respondent acknowledges that he should have been aware that this practice was contrary to published orders, opinions, and guidelines of the South Carolina Supreme Court and South Carolina Court Administration, which require that judges personally sign court orders. He averred that once he was notified the practice was improper, he corrected the procedure and has personally signed all orders since June 9, 1999.

Additionally, respondent admits various orders issued by him fail to designate any factual basis to support the issuance of those orders by respondent. Respondent admits he was unaware that every order must set out the factual basis supporting the issuance of the order. Respondent has agreed to ensure that all orders issued by him include the factual basis supporting the issuance of the order.

## *Law*

By his actions, respondent has violated the following canons set forth in the Code of Judicial Conduct, Rule 501, SCACR: Canon 1 (a judge shall uphold the integrity and independence of the judiciary); Canon 2 (a judge shall avoid impropriety and the appearance of impropriety in all of the judge's activities); Canon 3 (a judge shall perform the duties of judicial office impartially and diligently); and Canon 3(A) (a judge shall be faithful to the law and maintain professional competence in it). These violations also constitute grounds for discipline under the following Rules for Judicial Disciplinary Enforcement, Rule 502, SCACR: Rule 7(a)(1) (violation of the Code of Judicial Conduct); 7(a)(4) (persistent performance of judicial

duties in an incompetent or neglectful manner); and 7(a)(7) (willful violation of a valid court order).

## Conclusion

Respondent has fully acknowledged that his actions were in violation of the Code of Judicial Conduct and the Rules for Judicial Disciplinary Enforcement. We find respondent's actions warrant a public reprimand. Accordingly, respondent is hereby publicly reprimanded for his conduct.

**PUBLIC REPRIMAND.**

TOAL, C.J., MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.